IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ARTHUR SMITH and FRANCES SMITH | ) | No. 15-28399 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |

## NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

You are hereby notified that on October 15, 2015, at 10:00 a.m., or as soon after as I may be heard, I will appear before the Honorable Pamela Hollis or any other Judge who may be presiding in her place and stead at the Dirksen Federal Building, 219 S. Dearborn, Courtroom 644, Chicago, Illinois, and I will then and there present the attached: **FAIR DEAL OF ILLINOIS, INC.'S MOTION TO MODIFY THE AUTOMATIC STAY AS TO 8718 SOUTH KINGSTON AVENUE, CHICAGO, ILLINOIS 60617 REGARDING PIN 26-06-102-022-0000**

BY:/s/Paul M. Bach
Paul M. Bach
SULAIMAN LAW GROUP, LTD.
900 Jorie Blvd, Suite 150
Oak Brook, Illinois 60523
630 575 8181

## PROOF OF SERVICE

I, PAUL M. BACH certify that I served this notice and attached motion upon all parties named in this notice as stated on the attached service list by the method stated and if by first class US Mail with proper postage prepaid, in Oakbrook, IL 60523 all on October 8, 2015.

/s/Paul M. Bach

## SERVICE LIST

| | |
|---|---|
| **Arthur Smith**<br>**Frances Smith**<br>17347 South Kimbark Avenue<br>South Holland, Illinois 60473 | **BY FIRST CLASS MAIL** |
| **Michael B. Dedio**<br>12757 South Western Avenue<br>Suite 101<br>Blue Island, Illinois 60406 | **BY ECF ELECTRONIC DELIVERY** |
| **Philip V. Martino**<br>Quarles & Brady<br>300 N. LaSalle Suite 4000<br>Chicago, IL 60654 | **BY ECF ELECTRONIC DELIVERY** |
| **Patrick S Layng**<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604 | **BY ECF ELECTRONIC DELIVERY** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ARTHUR SMITH and FRANCES SMITH | ) | No. 15-28399 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |

### FAIR DEAL OF ILLINOIS, INC.'S MOTION TO MODIFY THE AUTOMATIC STAY AS TO 8718 SOUTH KINGSTON AVENUE, CHICAGO, ILLINOIS 60617 REGARDING PIN 26-06-102-022-0000

NOW COMES, FAIR DEAL OF ILLINOIS, INC., by its attorneys, Paul M. Bach and Penelope N. Bach of Sulaiman Law Group, Ltd. and pursuant to 11 USC 362(d) and in support of its Motion to Modify the Automatic Stay as to 8718 South Kingston Avenue, South Holland, Illinois 60473 and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 7 of the United States Bankruptcy Code on August 19, 2015.

2. The Debtor listed on Schedule A of their Bankruptcy Schedules an ownership interest in the real estate commonly known as 8718 South Kingston Avenue, South Holland, Illinois 60473. 8718 South Kingston Avenue, South Holland, Illinois 60473 has a Property Identification Number ("PIN") of 26-06-102-022-0000.

3. On August 7, 2012, Fair Deal of Illinois, Inc. purchased the 2010 General Real Estate Taxes for PIN 26-06-102-022-0000 and paid a total of $3,644.55. *See* Certificate of Purchase attached to Petition for Tax Deed as an Exhibit to this Motion.

4. Since the purchase of the 2009 General Real Estate Taxes, Fair Deal of Illinois, Inc. has paid the subsequent General Real Estate Taxes (except for 2011) and incurred costs as follows:

|  | Interest Rate at Posting | Date |
|---|---|---|
| 2009 Tax Sale Cert | $6,652.73 0% | 7/19/2011 |
| Take Notice | $17.29 | 11/28/2011 |
| 2010 1st Installment | $3,309.24 12% | 9/12/2011 |
| 2010 2nd Installment | $2,675.41 12% | 12/5/2011 |
| 2011 1st Installment | owner paid | |
| 2011 2nd Installment | owner paid | |
| 2012 1st Installment | $2,786.23 12% | 3/19/2013 |
| 2012 2nd Installment | $2,446.55 12% | 8/20/2013 |
| 2013 1st Installment | $2,916.03 12% | 3/19/2014 |
| Tract Search Fee | $125.00 | |
| Petition for Tax Deed Fee | $497.00 | |
| Circuit Court Clerk Fee | $150.36 | |
| Sheriff Fee | $480.00 | |
| Publication Fee | $230.00 | |
| TOTAL: | $22,285.84 | |

5. On January 7, 2015, Fair Deal of Illinois, Inc. filed a Petition for Tax Deed in the Circuit Court of Cook County, County Division which was given case number 2015 COTD 00177.

6. The Debtor has been previously served with the Petition for Tax Deed.

7. On June 12, 2015, the time for redemption for the tax sale expired.

8. This bankruptcy case was filed on August 19, 2015 to prevent the hearing in the Cook County Circuit Court to issue a Tax Deed from proceeding on August 31, 2015.

9. The Seventh Circuit Court of Appeals has stated that a Debtor may pay delinquent real estate taxes in a Chapter 13 case (this is a Chapter 7 case) such as are at issue in this case as long as the redemption date had not expired prior to the filing of the bankruptcy case. *In Re Lamont*, 740 F.3d 397 (7th Cir. 2014). In the case at bar however, the redemption date had

expired on June 12, 2014 even prior to the filing of the prior bankruptcy case long before the filing of the bankruptcy case in the case at bar. Additionally, this is a Chapter 7 case and therefore any reorganization impossible.

10. Hence, the Debtor cannot confirm a Plan of Reorganization in this case which contains provisions that allow the Debtor to pay the past due real estate taxes for 8718 South Kingston Avenue, South Holland, Illinois 60473 regarding PIN 26-06-102-022-0000.

11. That there is cause to modify the stay based on passing of the redemption date prior to the filing of this bankruptcy case and the fact that this is a Chapter 7 case.

12. Pursuant to 11 U.S.C. Section 362 …

    (d) On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) For cause, including the lack of adequate protection of an interest in property of such party in interest; or

    (2) With respect to a stay, of an act against property under subsection (a) of this section, if—

        (A) the Debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization.

13. That the creditor requests and the Court should order that the fourteen day stay provided for by Bankruptcy Rule 4001(a)(3) should not apply as to Creditor.

WHEREFORE, FAIR DEAL OF ILLINOIS, INC., asks this Honorable Court to enter an order modifying the automatic stay as to permit, FAIR DEAL OF ILLINOIS, INC. to proceed pursuant to non-bankruptcy law as to 8718 South Kingston Avenue, South Holland,

Illinois 60473 regarding PIN 26-06-102-022-0000 and find that Bankruptcy Rule 4001(a)(3) is not applicable and further relief as is just and equitable.

          Respectfully Submitted,
          FAIR DEAL OF ILLINOIS, INC.

          BY:/s/Paul M. Bach

Paul M. Bach
SULAIMAN LAW GROUP, LTD.
900 Jorie Blvd, Suite 150
Oak Brook, Illinois 60523
630 575 8181

STATE OF ILLINOIS ) ss
COUNTY OF COOK )

CERTIFICATE NUMBER 10-0008820

--CERTIFICATE OF PURCHASE--

FOR GENERAL TAXES AND SPECIAL ASSESSMENTS, A.D. 2010, ETC.

I, DAVID D. ORR, County Clerk in and for the County and State aforesaid DO HEREBY CERTIFY THAT FAIR DEAL OF ILLINOIS IN did, on the day hereinafter set forth, purchase at Public Auction, at the Court House in CHICAGO, the property designated by PERMANENT REAL ESTATE NUMBER 26-06-102-022-0000, situated in said County for the taxes, interest and costs due and unpaid thereon for the tax year 2010 and prior and paid as purchase money on said property the total amount of taxes, interest and costs thereon as stated herein.

VOLUME 295        PERMANENT INDEX NUMBER   26-06-102-022-0000

| TAXES | Date of Sale | Rate of Percent Sold | | | Total Amt. of TAXES and Interest | Date Paid |
|---|---|---|---|---|---|---|
| GENERAL 2010 | 08/07/12 | 0.00 | Tax Interest | 2,826.80 570.75 | 3,397.55 | 08/07/12 |
| BACK TAX YRS - | | | Tax Interest | | | |
| SPECIAL ASSESSMENT 2011 | | | Tax Interest | | | |
| STATUTORY TREASURER FEES | | | | | 200.00 | |
| STATUTORY CLERK FEES | | | | | 47.00 | |
| PRIOR YEARS' SPECIAL & GENERAL TAXES 20 | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |
| TOTAL | | | | | 3,644.55 | |

Received this 13 day of SEPTEMBER, 2012, the sum of $ 3,644.55 the amount of the purchase money on the above property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, the above-named purchaser, his heirs or assigns, will, upon application and compliance with the provisions of law pertaining thereto, be entitled to receive a deed of conveyance for said real estate herein described by said permanent index number; provided that unless the holder of this certificate shall take out said deed, as entitled by law, and file same for record within one year from and after expiration of the time of redemption, the said certificate or deed, and the sale upon which it is based, shall from and after the expiration of one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 13 day of SEPTEMBER, A.D., 2012

Assessee:

Countersigned:

*Maria Pappas*
County Treasurer and Ex-Officio Collector of Cook County

*David D. Orr*
County Clerk of Cook County

STATE OF ILLINOIS )
                  ) ss
COUNTY OF COOK    )

In consideration of the sum of _____ DOLLARS, I do hereby sell, assign, transfer and set over to _____, his heirs, executors, administrators and assigns, the within CERTIFICATE OF PURCHASE, and all my right, title and interest in or to the real estate therein described, to have and to hold the same to himself, his heirs, executors, administrators and assigns, to his and their sole use, benefit and behoof forever.

Given under my hand and seal this _____ day of _____ A.D. 20___

STATE OF ILLINOIS

July 15, 2015

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - COUNTY DIVISION

IN THE MATTER OF THE APPLICATION )
OF THE COUNTY TREASURER AND EX- )
OFFICIO COUNTY COLLECTOR OF COOK ) 2015COTD00177
COUNTY, ILLINOIS, FOR ORDER OF ) CALENDAR/ROOM 8
JUDGMENT AND SALE AGAINST REAL ) Case No. TIME 00:00
ESTATE RETURNED DELINQUENT FOR THE ) Tax Deed
NON-PAYMENT OF GENERAL TAXES FOR ) Certificate No. 10-0008820
THE YEAR 2010 AND PRIOR YEARS )
)
PETITION OF FAIR DEAL OF ILLINOIS, INC. )
FOR TAX DEED )

## PETITION FOR TAX DEED

NOW COMES the petitioner, FAIR DEAL OF ILLINOIS, INC., by its attorneys, REITER LAW OFFICES, LTD. and state as follows:

1. On August 7, 2012, the petitioner purchased the following described real estate:

LOT 6 IN BLOCK 2 IN THE RESUBDIVISION OF LOTS 1 TO 19 INCLUSIVE IN BLOCK 1 AND LOTS 1 TO 16 INCLUSIVE IN BLOCK 2 IN C.R. CAVES RESUBDIVISION OF LOTS 24 TO 46 INCLUSIVE IN BLOCK 1, LOTS 1 TO 20 INCLUSIVE AND 23 TO 48 INCLUSIVE TOGETHER WITH THE VACATED ALLEYS IN BLOCK 2, LOTS 1 TO 25 INCLUSIVE IN BLOCK 5 IN A.B. MEEKER'S ADDITION TO SOUTH CHICAGO IN THE NORTH WEST QUARTER OF THE NORTH WEST QUARTER OF SECTION 6 OF THE INDIAN BOUNDARY LINE IN TOWNSHIP 37 NORTH, RANGE 15, EAST OF THE THIRD PRINCIPAL RANGE 15, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY ILLINOIS.

PERMANENT INDEX NUMBER: 26-06-102-022-0000

At the Annual Tax Sale held by the County Treasurer of Cook County, Illinois, which sale of the property was held in accordance with the judgment of the Court duly entered after due notice was provided in accordance with the statutes in such case made.

2. That Certificate of Purchase number 10-0008820 was issued and delivered to the petitioner, a copy of which is attached hereto.

3. The real estate has not been redeemed from the tax sale and the time for redemption will expire on June 12, 2015.

4. All taxes and special assessments which become due and payable on the real estate subsequent to the date of sale if any will be paid and all forfeitures and sales of subsequent year's taxes occurring in the interim, if any, will be redeemed prior to the entry of an order directing the County Clerk to issue a tax deed.

5. All notices required by law will be given prior to the entry of an order directing the issuance of a tax deed on the real estate and due proof will be made of the giving of such notice.

6. Upon compliance with all the provisions of the law relating thereto, petitioner will be entitled to the entry of an order directing the County Clerk to issue a tax deed conveying the real estate to petitioner unless redemption is made at the time and in the manner provided by law.

7. Petitioner intends to apply on July 15, 2015, for an order on the petition on that a deed be issued if the property is not redeemed.

WHEREFORE, petitioner prays:

A. That this honorable court find:

1. That due notice of the tax sale and of the time for redemption therefrom was given to all parties entitled thereto as required by law.

2. That due notice of the filing of this petition was given to all parties entitled thereto as required by law.

3. That all general taxes and special assessments which became due and payable on the real estate, herein, subsequent to the date of sale, have been paid or redeemed as required by law.

4. That the petitioner has fully complied with all applicable provisions of the Illinois Property Tax Code, as amended and of all other applicable statutes of the State of Illinois and the Constitution of the State of Illinois, entitling petitioner to a tax deed.

B. That this honorable court enter an Order Directing the Cook County Clerk to issue a Tax Deed to the petitioner and that the entry of such order shall cause the conveyance of merchantable title to the petitioner as provided by statute and caselaw.

C. That any delinquent or forfeited taxes for prior years that were not included in the sale or were sold but the sale was declared to be in error or were voided or canceled and as a consequence those prior tax years opened up again, be merged into this tax sale and court order for tax deed.

D. That this honorable court enter such Orders and issue such Writs as may be necessary or desirable to maintain petitioner, as grantee, in possession of the real estate.

E. That this honorable court issue a Writ of assistance or enter an Order of Possession to put the petitioner as grantee of the tax deed in possession of the real estate.

F. Petitioner further asks that if the court should find that petitioner has failed to comply with the requirements of the Illinois Property Tax Code, or is equitably entitled to a sale in error, the sale be declared a sale in error with the tax sale amount and all subsequently paid taxes and costs be refunded to the petitioner.

G. That this honorable court enter such other and further orders as may be just and appropriate.

*[signature]*
REITER LAW OFFICES, LTD.
Attorneys for Petitioner
30 South Wacker Drive – Suite 1710
Chicago, Illinois 60606
(312) 368-9910
Firm No. 48999